## THOMAS C. SHELDON V. RAYMOND MARTIN.

(Case No. 2141)

1. SET-OFF—JUDGMENT—SUBSEQUENT AGREEMENT—LIQUIDATED DEMAND—November 14, 1883, S. recovered a judgment against M., as assignee of Fondard & Yglesias, for $1,280.62 and foreclosure of a lien on certain goods then in the possession of M. as such assignee. By agreement between S. and M. this judgment was, on December 3, 1883, in part satisfied, by the former's accepting and receiving from the latter a portion of the goods, at a valuation of $660.63. December 15, 1883, S. executed to M. as assignee his promissory note for $817.62, with the understanding and agreement between himself and M., at the time, that he did not thereby waive or release his right to the unpaid balance of the judgment or to his lien on the portion of the goods retained by M., but that the latter, notwithstanding the execution of the note, should pay the balance of the judgment or deliver to S. the remainder of the goods. M. applied the goods retained by him to the payment of his assignor's creditors consenting to the assignment, and failed to satisfy S.'s judgment against him. In a suit by M. against S., on the note. *Held:*

(1) That the balance due on the judgment was a liquidated demand against the assignee, and could be pleaded in set-off against the promissory note sued on;

(2) That the judgment against M. in favor of S. was not superseded by the subsequent agreement between them, and that, even if such were the case, the balance due for the goods undelivered under the agreement would be a liquidated demand, the amount of which could be easily ascertained, and might, under the statute of this state, be set-off against the note executed by S. to M.

APPEAL from Webb. Tried below before the Hon. Jno. C. Russell.

Raymond Martin, the appellee, as assignee of Fondard and Yglesias, insolvents, instituted this suit, in the district court of Webb county, against Thomas C. Sheldon, the appellant, on a promissory note, executed by the latter to the former, for the sum of $817.62, and bearing interest at the rate of five per cent. per annum.

The defendant, in addition to the general denial, filed the following special plea: For special answer herein, and without admitting any of plaintiff's allegations, except as hereinafter specified, defendant says, that, on November 14, 1883, he recovered a judgment against plaintiff, as the assignee of Eugene Yglesias and E. S. Fondard, in the district court of Webb county, Texas, at a regular term of that court, the court then and there having jurisdiction of the suit and the matters and things therein litigated, for the sum of $1,280.62, and for foreclosure of a vendor's lien upon a certain lot of goods therein mentioned, a certified copy of which judgment is attached to defendant's original answer in the cause marked "Exhibit A," and is asked to be made a part of this answer; that the judgment is a valid, subsisting judgment against plaintiff in the same capacity in which he sues herein, that the same remains due and unpaid, except as hereafter set forth; that, after the rendition of the judgment, to-wit, December 3, 1883, defendant and plaintiff entered into an agreement whereby the defendant was to receive back a certain portion of the goods upon which the lien was foreclosed, as aforesaid, at the valuation thereof, as shown, and set forth in said judgment; that the same, to the amount of the valuation therein, should be credited upon the judgment, and that, in accordance with the agreement, defendant did receive of the goods from plaintiff, at such valuation, enough thereof to amount to the valuation or sum of $660.63, which amount defendant admits as a credit or payment upon the judgment.

Defendant further says, that the balance of the amount of the judgment is now wholly unsatisfied, and that defendant is the legal owner and holder thereof.

Defendant further says, that plaintiff has not returned the balance of the goods mentioned in the judgment, or their value, to him; that

their value amounts to the sum of $613.99, which is a reasonable valuation thereof, with interest thereon, at legal rate, from date of the judgment, which judgment defendant pleads as an offset, and, in reconvention, against plaintiff's demand.

Defendant further says, that he is unable to give any itemized list of the goods aforesaid which plaintiff delivered to him as a credit upon the judgment, because the itemized list is in the possession of plaintiff, who is hereby notified to produce the same on the trial of this cause, or secondary evidence will be used to prove the same, together with the value of such of the goods mentioned in the judgment as have not been returned to defendant or accounted for in any way by plaintiff.

Defendant further says, that, at the time of the execution and delivery of the note sued upon in this suit, it was expressly agreed and understood by and between plaintiff and himself, that, in the execution and delivery of the note sued on, he, the defendant, did not thereby waive, or in any manner release, his right to claim the balance of the judgment from plaintiff, but was, notwithstanding the execution and delivery of the note as alleged, entitled to the balance of the goods mentioned in the judgment, or the value thereof as shown by the judgment, and that plaintiff, in the capacity in which he sues herein, would pay to defendant the sum or return the balance of the goods.

Defendant further avers and charges, that plaintiff has appropriated the balance of the goods to the payment of the claims of the consenting creditors of Fondard and Yglesias, without the consent of this defendant, who is not a consenting creditor of the assignment of Fondard and Yglesias.

Wherefore, defendant prays that his claim for balance due on the judgment be allowed as credit, or offset, against the note sued on, or for such other and further relief as he may be entitled to, either in law or in equity. To this plea the plaintiff demurred, assigning the following grounds :

1. That the judgment is not such as can be satisfied out of the general assets of the assignors, in hands of the assignee, and that such judgment provides for its satisfaction by foreclosure of a lien on certain property.

2. That the defendant sets up no facts requiring satisfaction of such judgment out of the general property of the assignment.

3. That it does not show the assignee to be responsible for the failure of the defendant to have the judgment satisfied out of the particular property on which his lien existed.

4. That defendant does not claim, and is not entitled to, any benefit under the assignment.

5. That it was exceeding the powers of assignee to make such an agreement as the one alleged.

The court sustained the plaintiff's demurrer, and the cause proceeded to trial, resulting in a judgment for the plaintiff for the full amount of the note sued on, with interest.

*Showalter & Nicholson*, for the appellant, that the court erred in sustaining plaintiff's demurrer to defendant's plea in set-off, cited: R. S., art. 650; Thomas v. Hill, 3 Tex. 272; Bradford v. Hamilton, 7 Tex. 55; Castro v. Gentily, 11 Tex. 29, 30; Hamilton v. Van Hook, 26 Tex. 306, 307; 2 Story Eq. Jur., secs. 1436a, 1437.

*McLane & Atlee*, for the appellee, that the claim pleaded as a set-off and in reconvention is not founded on a cause of action arising out of, incident to, or connected with, plaintiff's cause of action, but is a claim for unliquidated damages for a tort arising out of a different transaction, cited: R. S., 650; Carothers v. Thorp, 21 Tex. 358; Duncan v. Magnette, 25 Tex. 245; Gogel v. Jacoby, 5 Serg. & R. 117; s. c., 9 Am. Dec. 339; Christian v. Miller, 3 Leigh. 84; s. c., 23 Am. Dec. 251; Livingston v. Livingston, 4 Johns. Ch. 287; s. c., 8 Am. Dec. 562; Price v. Lewis, 17 Penn. St. 51; s. c., 55 Am. Dec. 536; Jennings v. Webster, 8 Paige Ch. 503; s. c., 35 Am. Dec. 722.

That unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff cannot be pleaded in set-off to an action founded on a liquidated demand, they cited: R. S., art. 649; Carothers v. Thorp, 21 Tex. 358; Duncan v. Magnette, 25 Tex. 245.

WILLIE, CHIEF JUSTICE.—From the allegations of the answer to which exceptions were sustained, it is made to appear that Sheldon was the owner of a judgment against Martin, in his capacity of assignee, which was entitled to a credit on account of goods delivered to Sheldon in part payment of it. The balance due upon this judgment was, under the averments of the answer, a liquidated demand against the assignee, which could be set-off against the promissory note sued on.

It was expressly alleged that the balance of the goods undelivered to Sheldon, and upon which a lien was fixed by the judgment, had been appropriated by Martin to the payment of debts due by the parties of whom he was assignee. The creditors of Martin's assignors,

having received the benefit of goods upon which Sheldon had a lien, were in equity bound to account to him to the extent of his lien upon them, and a judgment against the assignee for the amount thus secured, to be levied of the property held by him under his trust, would have effected this object. We see no reason, therefore, why Sheldon was not entitled to recover such a judgment under the statements of his answer, if established by evidence.

It is, however, to be remarked that no authority is shown in the assignee to enter into an agreement with Sheldon to allow the latter to take goods in part payment of his claim. This will depend in a great measure upon the provisions of the deed of assignment under which he was acting. It may have been that the goods delivered to Sheldon were worth more than the value affixed to them in the judgment. The duty of the assignee, in that event, would have been to obtain for them their highest market value, or, at least, to have them sold under execution; but, unless it be shown that those delivered to Sheldon would have brought, if so sold, enough to have paid his whole debt, he will be entitled to recover the balance under a plea in set-off to this action. None of the exceptions to the plea object to it for not allowing credit upon the judgment for the value of the goods instead of the value at which they were assessed in the judgment. We do not regard the judgment as superseded by the subsequent agreement between Sheldon and Martin. Such is not the reasonable interpretation of the averments of the plea. But, even if it were, the balance due for the goods undelivered under the agreement would be a liquidated demand, the amount of which could be easily ascertained, and hence could be set-off under our statute against the note upon which this suit was founded. In any view of the case, there was error in sustaining exceptions to the plea, for which the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 2, 1886.)